CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:07CR00063 |
| | ) (Case No. 5:11CV80335) |
| vs. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| TRICIA KELLY THARP, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Tricia Kelly Tharp, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Tharp challenges the validity of her confinement pursuant to the judgment of this court entered October 7, 2008, convicting her of conspiracy to possess with intent to distribute more than five kilograms of cocaine powder and more than 50 grams of cocaine base and sentencing her to 72 months in prison. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

In her § 2255 motion, Tharp alleges that her trial counsel provided ineffective assistance. Specifically, she alleges that (1) while she was nine months pregnant, counsel showed her the plea agreement at the last minute, without giving her a copy of the discovery or the agreement itself, and "scared" her into thinking that it offered her the best chance for a lighter sentence; and (2) after her family hired her court-appointed attorney and paid him a fee, he continued to be listed on the court's docket as court-appointed and was later subpoenaed to appear before the Virginia State Bar, but failed to do so.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.

The court filed the § 2255 motion conditionally, notified Tharp that it appeared to be untimely under § 2255(f), and granted her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. Tharp has responded with additional facts and argument on the issue of timeliness. After considering this additional material, the court nevertheless concludes that the § 2255 motion must be dismissed as untimely.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, her conviction becomes final when her opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows her an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Tharp on October 7, 2008. Because she did not appeal the judgment, her conviction became final on October 21, 2008, when her opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (2008). Tharp then had one year–until October 21, 2009 –in which to file a timely § 2255 motion. Because she filed this § 2255 motion on May 16, 2010, at the earliest, her motion is untimely under § 2255(f)(1).

Tharp argues that the court should start the one-year filing deadline on December 10, 2010, the day when she arrived at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). She states that on October 21, 2008, less than three weeks after the court sentenced her, state authorities transported her to the Northwestern Regional Adult Detention Center ("NRADC") where she remained for more than two years, related to criminal proceedings before the Circuit Court for Frederick County.[2] She asserts that the NRADC does not house inmates facing federal charges and that while she was incarcerated there, she had no access to a "federal law library to address the issues she [brings] before this court" in her § 2255 motion.

Apparently, Tharp believes that she is entitled to invoke § 2255(f)(2).[3] This provision starts the one-year filing period at the removal of a government-created impediment that both prevents the defendant's pursuit of a timely § 2255 motion and independently violates her constitutional rights. In limited circumstances, the fact that the prison's law library failed to provide inmates with access to any federal legal materials could result in a government-created "impediment" for purposes of calculating a federal habeas filing deadline. See, e.g., Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003) (interpreting the time limit under 28 U.S.C.

---

[2] Tharp states that in April 2009, she was indicted on state charges, was tried in April 2010, and was convicted on two of four charges. After she was sentenced in November 2010, she was released to the United States Marshals Service and ultimately arrived at FCI Danbury on December 10, 2010. She is currently pursuing state appellate court proceedings.

[3] Tharp does not allege facts or claims on which the court could calculate her federal filing period under § 2255(f)(3) or (4).

3

§ 2254(d)(1)(B) for challenging confinement under a state court criminal judgment). To prove that library problems violated her constitutional right to access the court, however, the defendant must demonstrate that the inadequacies of the available legal materials significantly hampered her ability to litigate a viable legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Tharp fails to make the necessary showing under Lewis. She does not allege facts indicating that she ever attempted to research federal habeas issues at the NRADC law library or that she asked officials there for access to federal legal materials so that she could challenge her federal judgment. Moreover, she fails to point to any specific issue raised in her current motion for which research of federal legal materials was necessary. Rather, her claims are based on facts well known to her, such as the conditions under which she accepted the plea bargain and the problems she and her family had with counsel after they retained him. Because she fails to demonstrate how lack of library materials prevented her from filing a timely § 2255 motion, the court cannot find that she is entitled to have her filing period calculated under § 2255(f)(2).

For similar reasons, Tharp is not entitled to equitable tolling of the federal filing deadline. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Although given an opportunity to do so, Tharp does not allege facts indicating that she attempted to vindicate her federal rights at any time before her transfer to FCI Danbury or that any extraordinary circumstance prevented her from pursuing a § 2255 motion while housed in the NRADC. Therefore, the court cannot find grounds for equitable tolling here.

For the reasons stated, the court concludes that Tharp's § 2255 motion must be dismissed as untimely filed under § 2255(f)(1), that she is not entitled to have her filing period calculated under any other subsection of § 2255(f), and that she fails to show that equitable tolling of the period is warranted.[4] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 30th day of June, 2011.

                                                                                                   Chief United States District Judge

---

[4] In any event, the court cannot find that Tharp's alleged claims state any ground for relief under § 2255. She fails to demonstrate that but for counsel's alleged deficiencies here, she would have rejected the plea bargain and its promise of a lighter sentence than she faced after conviction at trial. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (finding that to prove constitutional claim of ineffective assistance, defendant must demonstrate that counsel failed to meet professional standards of reasonable representation and that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial").

5